The judgment of the court was pronounced by
Rost, J.
The defendant has appealed from a judgment condemning him to pay the plaintiff the balance of an account for brick sold and delivered to him.
There is no positive evidence to show the correctness of the account. One witness testifies that the defendant was constantly having dealings with the plaintiff and always had an open account with him. Another witness states that he was in defendant’s employ, and paid the plaintiff for him five, six or seven hundred dollars: cannot recollect the precise amount, but that he never heard the defendant say that the account sued upon was correct.
The attorney of the plaintiff swears that he called several times on the defendant for payment of the account sued upon, and that the defendant did not object that the account was not correct. The last time he called on him he said that the plaintiff had treated him harshly, and that he intended to keep him out of the amount of the bill as long as he could.
This evidence, besides being objectionable, as coming from the plaintiff's counsel is not, in our opinion, satisfactory. The fact that the defendant made *696 no formal objection to the correctness of the account, cannot be construed into an admission that it was correct; his declared intention to avail himself of all legal delays is inconsistent with such an admission.
It has been urged in argument, that the plaintiff had no white or free persons in his brick-yard, except his two sons, who could not be witnesses in this suit, and that, under the circumstances, the evidence adduced was the best which the nature of the case admitted of.
The rules of evidence cannot be affected by the manner in which parties choose to manage their own affairs. If the plaintiff has failed to preserve legal evidence of his dealings with the defendant, it must be because he had confidence in his honesty, and if he had he may safely appeal to his conscience.
It is therefore ordered, adjudged and decreed, that the judgment of the court below be reversed; and that there be judgment, as in case of non-suit, in favor of the defendant. It is further ordered and decreed, that the plaintiff pay costs in both courts.